# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE A. DAUL,
        Plaintiff,

    v.                                    Case No. 18-C-0512

JOHN DOES,
        Defendant.

## DECISION AND ORDER

Jesse Daul brings this case *pro se* under 42 U.S.C. § 1983 alleging that John Does violated his civil rights while he was incarcerated. This order resolves plaintiff's motion to proceed without prepayment of the filing fee and screens his complaint.

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated when he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee.

Plaintiff currently has eleven cases pending before me. On April 30, 2018, plaintiff filed a letter in at least two of his cases, asserting that he is unable to pay an initial partial filing fee. He explained that he is homeless and unemployed and is not receiving any assistance for food, housing, or transportation. Based on the information in that letter, I find that plaintiff has neither the means nor the assets to pay an initial partial filing fee, so I will waive the requirement that he pay one. I will grant plaintiff's motion to proceed without prepayment of the filing fee, but he must pay the $350 filing fee, as he is able.

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *Id.* § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

In general, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To state a plausible claim under § 1983, "a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Milwaukee County*, 570 F.3d 824, 827 (7th Cir. 2009).

Plaintiff's complaint alleges the following: A property officer took 25 "postmarked and process coded legal mail envelopes" from plaintiff's legal papers that he needed to prove a mail-fraud claim that he was not yet ready to file. The envelopes show that state officials "have been harassingly and intentionally delaying [plaintiff's] USPS legal mail at multiple [state prison] facilities." Plaintiff's mail is delayed for "days" and his envelopes are always processed last. Plaintiff also never received a letter from the Clerk's office that was docketed in four of his cases. Plaintiff seeks damages from defendants "for intentionally delaying USPS mail, mishandling [the Clerk's letter] and confiscating the 25

2

postmarks (proof of USPS mail fraud) without . . . due process and within the institution USPS mail handling process."

Plaintiff's complaint fails to state a plausible claim for relief based on its allegation that various state prison institutions received mail for him days before he received it. *See, e.g.*, *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987) ("merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support . . . a cause of action"). Prison institutions screen and process incoming mail as a way of ensuring the safety and wellbeing of the inmates. Thus, ordinary, short delays are expected.

Similarly, the complaint fails to state a claim based on its allegation that he did not receive a letter from the Clerk's office that was docketed in four of his cases. Mere "isolated instances of loss," or even theft, of mail or other "reading materials" are generally not actionable. *Sizemore*, 829 F.2d at 610.

Finally, plaintiff may not proceed on a claim that a John Doe property officer deprived him of his property without due process because, based on the allegations in the complaint, John Doe's conduct was contrary to institutional policy and was, therefore, random and unauthorized. "When a state official's conduct is random and unauthorized, due process requires only that an adequate post-deprivation remedy exists." *Johnson v. Wallich*, 578 F. App'x 601, 602 (7th Cir. 2014). Wisconsin provides tort remedies for people claiming that their property was taken or damaged by another. *See* Wis. Stat. § 893.35.

Wisconsin's post-deprivation remedies are adequate to redress plaintiff's loss because, as I have already explained, plaintiff does not state a claim in connection with the short delays in his mail being delivered, so he does not need the envelopes as "proof" of another claim. Also, the complaint's allegation that logs exist indicating when an institution received mail and when that mail was delivered undercuts his argument that he is unable to support his claim without the envelopes.

For the reasons discussed above, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay the full filing fee as he is able. Plaintiff should forward payments to the Clerk of Court, clearly indicating the case name and number for this action on each payment.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The Clerk of Court shall enter final judgment accordingly and document that this inmate has incurred a "strike" under § 1915(g).

Dated in Milwaukee, Wisconsin, this 1st day of June, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge